United States District Court     Southern District of Texas

United States District Court
Southern District of Texas
**ENTERED**
June 10, 2022
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Prospect Capital Corporation, | § § § | Civil Action H-21-4160 |
| Appellant. | | |

| | | |
|---|---|---|
| *In re* <br> Michael Enmon, | § § § § | Adversary Proceeding 19-3687 |
| Debtor. | | |

## Opinion on Appeal

1. *Introduction.*

Since 2008, Michael Enmon has owed Prospect Capital Corporation money. After a litany of lawsuits, Enmon filed for bankruptcy. This appeal arises from Enmon's Chapter 11 Bankruptcy plan of reorganization and its confirmation.

2. *Background.*

On September 11, 2018, Enmon and Prospect agreed to a settlement of the debt that was incorporated into the plan of reorganization. This included an option for Prospect to buy Enmon's Texas Kennel business from KRPR, LLC – owned by Kari Enmon, his wife.

On December 21, 2018, Judge David Jones – a bankruptcy judge – administratively closed the bankruptcy.

On June 26, 2019, Prospect exercised its option. Two months later, the parties signed a transition order that said Prospect was entitled to the cash in the kennel.

On October 16, 2019, Prospect sued Enmon and KRPR, LLC, in state court for breach of contract. It says that KRPR, LLC, violated the transition order by transferring money to Enmon before closing. The case was removed to bankruptcy court.

On October 22, 2019, the bankruptcy court held Prospect in contempt for violating the transition order by not fulfilling its obligations to forgive certain debts. It appealed and this Court affirmed.

On December 23, 2019, Prospect moved to remand because it says the Court lacked jurisdiction.

On August 17, 2021, Enmon and KRPR, moved for summary judgment to dismiss KRPR's claims.

On November 10, 2021, Judge Jones held a hearing on these motions.

On December 7, 2021, Judge Jones: (a) denied Prospect's motion to remand and (b) granted partial summary judgment to dismiss all claims against KRPR.

On December 21, 2021, Prospect appealed arguing that the bankruptcy court erred by: (a) denying remand, and (b) dismissing all claims against KRPR.

3. *Jurisdiction of Appeal.*

Michael Enmon filed a motion to dismiss the appeal. He says that the Court lacks jurisdiction to review an appeal of an order denying remand.

Prospect says that the bankruptcy's partial summary judgment is a final order. Because the judgment dismissed all claims against KRPR, it says that the later final judgment would not address their substantive claim. It insists that the remand order may be reviewed by a district court as an accessory to the appeal of the judgment dismissing KRPR.

A district court acting in an appellate capacity has jurisdiction to review a final judgment or order from a bankruptcy court.[1] The partial judgment was final.

Appellate jurisdiction of a refusal to remand is appealable in limited circumstances. The law says that appellate review of a remand order is unavailable under Section 1452(b). The law, however, has found that final orders paired with a partial final judgment are appealable.[2]

Because the motion for remand was in the same order as the partial judgment of a substantive party, the Court has jurisdiction to hear the appeal.

---

[1] 28 U.S.C. §158(a)(3).

[2] *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218 (5th Cir.1990); *Frank v. Vista Chem. Co.*, 180 F.3d 264 (5th Cir. 1999).

4. *Remand.*

The bankruptcy court denied Prospect's motion to remand because it says that the claim arises from the implementation plan and the confirmation order. It says that the bankruptcy court has "continuing jurisdiction." The court believed it was intentionally pleaded as a breach of contract to avoid its jurisdiction. It was concerned with a state court navigating the litigation. It also said that despite Prospect's pleading, the judgment would impact the estate because Enmon owns KRPR.

Prospect says that the bankruptcy court incorrectly denied its motion to remand. It says that Enmon and KRPR, did not show that the bankruptcy court had jurisdiction. It says that removal was untimely. It insists that the claims arising post-reorganization would have no effect on the administration of the bankruptcy estate.

Enmon says that the bankruptcy court has jurisdiction because the claim would not exist had Enmon not filed for bankruptcy. In other words, he says that Enmon's bankruptcy created this claim. He insists it is a "core" proceeding of the bankruptcy's plan.

This Court reviews an order of remand under a de novo standard.[3] The bankruptcy's court jurisdiction after reorganization is not unlimited. Post-confirmation of a bankruptcy terminates the contents of the estate.[4]

A bankruptcy court has "related to" jurisdiction after reorganization if the case could conceivably have any effect on the estate being administered in bankruptcy.[5] It does not include every dispute that arises from property once held by the debtor. The question is whether the case could change the debtor's rights or liabilities.

In the hearing, the counsel for KRPR and Enmon said that the $75,000 is not going to the property of the estate. It said that the money does not belong to Enmon. The fact that property was once owned by a debtor does not supply federal jurisdiction of all future disputes concerning the property.[6]

---

[3] *In re Perry*, 345 F.3d 303, 309 (5th Cir.2003).

[4] *In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 390 (5th Cir. 2001).

[5] *In re Wood*, 825 F.2d 90 (5th Cir. 1987).

[6] *Valley Historic Ltd. P'ship v. Bank of New York*, 486 F.3d 831, 836–37 (4th Cir.2007).

The bankruptcy closed before the transfer between KRPR and Enmon. Merely that it arose from the bankruptcy's confirmed order does not automatically confer jurisdiction.[7] The settlement transforms into a new contract that does not require patrolling by the bankruptcy court for every dispute that arises from it.

Enmon's estate was sold. The proceeds were distributed to Enmon's creditors. Enmon does not show how this breach of the settlement affects his bankruptcy estate that has already been distributed. The bankruptcy court's "related to" jurisdiction is not indefinite.

5. *Notice of Removal.*

The Bankruptcy Rules require that removal is noticed within the shorter of: (a) 30 days after receipt through service of a copy of the initial pleading; or (b) 30 days after receipt of the summons if the initial pleading has been filed but not served with summons.[8]

On October 23, 2019, Prospect served KRPR and Enmon via their counsel who accepted service on their behalf. KRPR and Enmon had 30 days to remove. On November 29, 2019, they removed.

KRPR and Enmon say that they were served on October 30, 2019 with a copy of the amended petition. They believe that the time for removal started when the amended petition was serviced.

Service of the amended petition did not restart the clock. Notice was untimely. The bankruptcy court did not address this issue in its hearing.

6. *Mandatory Abstention.*

Mandatory abstention limits the cases that federal courts hear from non-core issues that relate to the bankruptcy and can be timely adjudicated in a state court action. A bankruptcy court must abstain from ruling when: (a) the claim has no independent basis for federal jurisdiction, other than debtor's bankruptcy filing; (b) the claim is a non-core proceeding; (c) an action has been filed in state court; and (d) the action could be adjudicated timely in state court.[9]

---

[7] *In re Craig's Stores of Texas, Inc.*, 266 F.2d 388 (2001).

[8] Bankruptcy Rule Procedure 9027(3).

[9] *Schuster v. Mims (In re Rupp & Bowman)*, 109 F.3d 237, 239 (5th Cir.1997).

First, this Court has already established that the bankruptcy court lacks "related to" jurisdiction. Without another basis for jurisdiction, the bankruptcy court's only claim to this proceeding is the bankruptcy filing that is closed.

Second, Prospect's breach of contract is a non-core proceeding. Enmon says that the state law claims are core because the dispute concerns the non-compliance of the confirmed plan. It fails.

Enmon does not invoke a substantive right provided by bankruptcy law because the money transfer does not pertain to the execution or implementation of the bankruptcy plan. If Prospect succeed on the breach of contract claim, the redeposit of funds from KRPR to Prospect would not affect the plan.

KRPR is owned by Kari Enmon, Michael Enmon's wife. The funds are not going to the property of his estate. It is unaffected absent a marital dispute.

Third, Prospect filed this action in state court. This case is an adjudication of contract rights derived from the confirmed order. The Fifth Circuit has held that state courts are equipped to adjudicate confirmed bankruptcy plans under traditional state contract law.[10]

Fourth, the action can be timely adjudicated. Michael Enmon has no facts to suggest the contrary.

7. Conclusion.

Because the bankruptcy court lacks subject jurisdiction, the partial judgment is moot.

The bankruptcy court's December 7, 2021, order is reversed with an order to remand to the appropriate state court. (5)

Signed on June _10_, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[10] *In re Padilla*, 379 B.R. 643, 663 (Bankr. S.D. Tex. 2007); *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 273 Fed. Appx. 368, 370 (5th Cir. 2008).